D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
CHAD V. HAES, #267221
chaes@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Richard A. Marshack,
Plaintiff and Trustee of the LPG Liquidation Trust

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor. | Case No. 8:23-bk-10571-SC<br><br>Chapter 11<br><br>Adv. No. 8:25-ap-01090-SC |
| RICHARD A. MARSHACK, Trustee of the LPG Liquidation Trust,<br><br>Plaintiff,<br><br>v.<br><br>ZOOM VIDEO COMMUNICATIONS INC., a Delaware Corporation and DOES 1 through 20, inclusive,<br><br>Defendants. | NOTICE OF ENTRY OF PROCEDURES ORDER |

TO THE HONORABLE SCOTT C. CLARKSON UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEFENDANTS, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that on April 28, 2025, as Dk. No. 2406, the Court entered an order granting, as modified, Plaintiff's motion for order establishing streamlined procedures governing adversary proceedings brought by the Trustee's general Counsel and superseding the

"Order re: Early Meeting of Counsel, Status Conference instructions and General Procedures" filed in each adversary proceeding ("Procedures Order"). A true and correct copy of the Procedures Order is attached hereto as **Exhibit 1**.

DATED: May 10, 2025

MARSHACK HAYS WOOD LLP

By: *_/s/ Chad V. Haes_*
CHAD V. HAES
Attorneys for Richard A. Marshack,
Plaintiff and Trustee of The LPG Liquidation Trust

# Exhibit “1”





D. EDWARD HAYS, #162507
ehays@marshackhays.com
AARON E. DE LEEST, #216832
adeleest@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Liquidating Trustee,
RICHARD A. MARSHACK

FILED & ENTERED

APR 28 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>THE LITIGATION PRACTICE GROUP P.C.,<br><br>Debtor.<br><br>And all Affected Adversaries. | Case No: 8:23-bk-10571-SC<br><br>Chapter 11<br><br>ORDER GRANTING MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY THE TRUSTEE'S GENERAL COUNSEL AND SUPERSEDING THE "ORDER RE: EARLY MEETING OF COUNSEL, STATUS CONFERENCE INSTRUCTIONS, AND GENERAL PROCEDURES" FILED IN EACH AFFECTED ADVERSARY PROCEEDING<br><br>Hearing:<br>Date: April 23, 2025<br>Time: 1:30 p.m.<br>Judge: Hon. Scott C. Clarkson<br>Place: Courtroom 5C<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

/ / /

/ / /

The Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings brought by Trustee's General Counsel [Docket No. 2356] (the "Motion") filed on April 1, 2025, by Richard A. Marshack, in his capacity as the Trustee ("Trustee") of the LPG Liquidation Trust ("Liquidation Trust"), came on for hearing on April 23, 2025, at 1:30 p.m., the Honorable Scott C. Clarkson, presiding. Aaron E. de Leest of Marshack Hays Wood, LLP appeared for the Trustee. All other appearances are as set forth on the record at the hearing.

The Court having read and considered the Motion and the Court having jurisdiction to consider the Motion and to grant the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and the matter being a core proceeding under 28 U.S.C. § 157(b)(2); and venue being proper under 28 U.S.C. §§ 1408 and 1409; and due and proper notice having been given, and it appearing that no other or further notice need be provided; and approval of the Motion being in the best interest of the Liquidation Trust, creditors and all parties in interest; and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY ORDERED that:

1. The Motion is granted.

2. The procedures, a copy of which is attached hereto ("Procedures"), are approved as modified herein and shall govern all parties to complaints filed by the Trustee's general counsel Marshack Hays Wood, LLP, since February 25, 2025 (the "Adversary Actions"), effective as of the date of this Order.

3. This order shall be served on all defendants in the Adversary Actions and filed in each of the Adversary Actions. The Trustee shall file proof of service of the Procedures Order in each of the Adversary Actions.

4. To be clear, the docket in each Adversary Action must be complete as a standalone docket and contain all relevant and applicable orders, instructions, and pleadings, without any party being required to search elsewhere.

5. This order shall supersede the "Order Re: Early Meeting of Counsel, Status

Conference Instructions, and General Procedures" filed in the Adversary Actions ("AP Orders") and the AP Orders are vacated as supplanted by the Procedures.

6. This order shall not alter the Order entered at ECF Dkt. No. 2391, in this bankruptcy case (i.e., the Main Case, Case No: 8:23-bk-10571-SC).

7. The Trustee shall lodge an order in each of the Adversary Actions for each status conference which is continued pursuant to application of the Procedures.

8. This order modifies the section of the Procedures (§C) which provides that to the extent that the Trustee has any motions common to more than one Adversary Action, the Trustee as Plaintiff shall file such motion in the main case only; instead, the Trustee shall be required to file the motion in each affected Adversary Action.

9. Any Rule 12 motions filed in response to the complaints shall be set for hearing after expiration of the August 20, 2025, Initial Period and prior to September 11, 2025. The following omnibus hearing dates for parties to self-calendar hearings on Rule 12 motions are available:

August 21, 2025, at 1:30 p.m.

August 28, 2025, at 1:30 p.m.

September 4, 2025, at 1:30 p.m.

September 11, 2025, at 1:30 p.m.

If any Rule 12 motions have already been filed and will be continued as a result of application of the Procedures, the Trustee shall lodge an appropriate order in each of the Adversary Actions after consultation with the moving parties, who shall be required to approve the form of the lodged order. The Court expects cooperation and civility between all parties.

**IT IS SO ORDERED.**

Date: April 28, 2025

Scott C. Clarkson
United States Bankruptcy Judge

**PROCEDURES**

The procedures set forth below ("Procedures") shall govern the prosecution of complaints filed by General Counsel, Marshack Hays Wood LLP, for Richard A. Marshack, in his capacity as the Liquidating Trustee of the LPG Liquidation Trust ("Trustee") since February 25, 2025 (the "Adversary Actions") ("Adversary Actions").

## A. Effect and Substance of the Procedures Order

All Defendants in the Adversary Actions will be served with a copy of the entered order granting the Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings filed by Trustee's General Counsel, Marshack Hays Wood LLP ("Procedures Order"). The Procedures Order shall supersede the AP Orders previously entered in the Adversary Actions and shall be binding on all parties. The Procedures Order will: (a) require all Defendants to timely file an answer or other responsive pleading; (b) stay all litigation until August 20, 2025 (i.e. the approximate first 120 days of the case); (c) require the parties to participate in a joint conference to discharge Rule 26 obligations; and (d) modify the discovery and other pretrial deadlines set forth in the "Order Re: Early Meeting of Counsel, Status Conference Instructions, and General Procedures" filed in the Adversary Actions ("AP Orders") so that the discovery cut-off and other deadlines are extended for approximately 60 days.

## B. Responses to Complaint, 120-Day Stay, Joint Conference

i. Responses to Complaint: All Defendants shall timely file a response to the Complaint. The Trustee shall have authority to grant a two-week extension of the deadline in writing without the need to file any stipulation with the Court. Any stipulation extending the response date beyond 14 days from the date on the summons must be filed with and approved by the Court.

ii. 120-day Stay – Initial Period: Except as otherwise permitted by the Procedures Order, all litigation and formal discovery in the adversary cases will be stayed through August 20, 2025 ("Initial Period").

iii. Joint Conference: During the Initial Period, the parties shall attend a mandatory joint conference via Zoom or other videoconferencing technology, unless agreed otherwise in writing between the Trustee and the Defendant ("Joint Conference"). Within 26 days after entry of the Procedures Order, each Defendant or their counsel shall contact Trustee's counsel via e-mail to chaes@marshackhays.com, amamlyuk@marshackhays.com, cmendoza@marshackhays.com, and spineda@marshackhays.com to schedule the Joint Conference. The Joint Conference must be held within eight weeks after entry of the Procedures Order. The parties shall make all reasonable efforts to schedule a mutually agreeable Joint Conference date and time.

iv. Rule 26 Disclosures: The parties shall be required to exchange the following Rule 26 documents and information at least 21 days prior to the Joint Conference:

Plaintiff: The Trustee and his successors and assigns, in their capacity as plaintiffs in the Adversary Actions shall provide:

a. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that are reasonably known to relate to the alleged claims or potential defenses, unless the use would be solely for impeachment; and

b. After a good faith effort, given the Trustee's circumstances and limitations, identification, copies, or access to all documents, electronically stored information, and tangible things that the Trustee has in its possession, custody, or control and which are reasonably known to relate to the alleged claims or potential defenses, unless the use would be solely for impeachment.

Defendants: Any defendant in the Adversary Actions shall produce:

a. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that are reasonably known to relate to the alleged claims or asserted defenses, unless the use would be solely for impeachment;

b. Copies of all documents, electronically stored information, and tangible things that the defendant has in his/her possession, custody, or control and which are reasonably known to relate to the alleged claims or asserted defenses, unless the use would be solely for impeachment;

c. To the extent any Defendant claims that he or she is financially incapable of responding to the demand in the Complaint and wants the Trustee to consider such claim in connection with settlement negotiations, such Defendant must also produce sworn financials including a balance sheet and income statement disclosing all assets, liabilities, income, and expenses. This production of financial information is not applicable to any defendant that does not want the Trustee to consider financial inability in connection with settlement negotiations;

d. Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the Adversary Action or to indemnify or reimburse for payments made to satisfy the judgment; and

e. Any entity (non-individual) named as a defendant in the Adversary Actions, whether active or terminated/dissolved, shall also produce a complete list of all members, shareholders, and officers.

v. Discovery: After expiration of the August 20, 2025, Initial Period, the Parties may propound formal discovery. The deadline to complete discovery, including resolution of any discovery motions, shall be extended from the dates set forth in the AP Orders for approximately 60 days as follows:

a. For Actions under $150,000: From September 30, 2025, to December 3, 2025;

b. For Actions between $150,000-$500,000: From November 30, 2025, to January 30, 2026; and

c. For Actions more than $500,000: From November 30, 2025, to January 30, 2026.

vi. Motion Cut-off Dates: The dates by which all non-discovery motions must be heard will be extended from the dates set forth in the AP Orders to the date that is one week prior to the applicable initial status conference.

vii. Status Conferences: The Status Conferences set by the Court in the AP Orders shall be the initial status conferences and held in lieu of the status conferences set forth in the summonses and are continued for periods of at least 60 days to dates convenient to the Court as follows:

a. For Actions under $150,000: From December 4, 2025, at 10:00 a.m. or 1:30 p.m. to a date that is on or after February 5, 2026;

b. For Actions between $150,000-$500,000: February 19, 2026, at 10:00 a.m. or 1:30 p.m. to a date that is on or after April 23, 2026; and

c. For Actions more than $500,000: March 12, 2026, at 10:00 a.m. or 1:30 p.m. to a date that is on or after May 14, 2026.

As set forth in the AP Orders, at the initial status conferences, the Court will determine when and whether a pretrial conference should be set or whether the matter should proceed directly to trial.

viii. Joint Status Report: The Trustee shall include the results of the Joint Conference in the initial Status Report due 14 days prior to the status conference dates set by the Court.

ix. Failure to Prosecute Claims or Defenses: The failure of any party to diligently prosecute their claims or defenses, including failing to timely comply with the Procedures Order, may result in the complaint or answer being stricken. Upon notice and a hearing, a party's failure to appear at the Joint Conference or otherwise comply with the Procedures Order, may result in any response to the Complaint being stricken and their default being entered.

### C. Hearings on Rule 12 Motions, Timing for Dispositive Motions, and Motions Common to More than One Adversary Action

Any Rule 12 motions filed in response to the complaints shall be set for hearing after expiration of the August 20, 2025, Initial Period and prior to September 11, 2025. The Court shall set available omnibus hearing dates for parties to self-calendar hearings on Rule 12 motions between August 20-September 11, 2025, in the Procedures Order.

Additionally, no dispositive motion such as a motion for judgment on the pleadings or motion for summary judgment may be filed until after expiration of the August 20, 2025, Initial Period. Such scheduling will permit the Trustee to focus on settling adversaries to limit the number of remaining cases and for common issues to be identified addressed by the Parties and resolved by the Court in administratively coordinated hearings.

To the extent that the Trustee has any motions common to more than one Adversary Action, the Trustee as Plaintiff shall file such motion in the main case only and serve all defendants in any adversary action that may be affected by the motion. Trustee shall indicate in the caption which Adversary Actions are affected by the motion.

**D. Mediation**

i. The Parties may agree to participate in mediation by filing with the Court a joint Request for Assignment to Mediation Program (LBR Form 701).

ii. Third Amended General Order 95-01 shall govern the procedures for mediation.

iii. The mediation may take place via Zoom or other videoconferencing technology, unless agreed otherwise by the Mediator, the Trustee, and the Defendant(s).

iv. At least one counsel for each party and a representative of the Defendant(s) having full settlement authority (or the Defendant(s) himself/herself) shall attend the mediation.

**E. Filing and Service of Procedures Order**

i. A copy of the entered Procedures Order shall be filed on the docket in the Bankruptcy Case.

ii. A copy of the Procedures Order shall be served along with the Complaint and Summons, or, for any Defendants that have already been served with a copy of the Summons and Complaint, within 14 days after entry of the Procedures Order, and filed in each Adversary Action. The Trustee must file proof of service of the Procedures Order in each adversary.

iii. If the Trustee identifies common legal or factual issues that affect more than one adversary proceeding, he may file a motion seeking to administratively coordinate such adversary proceedings for hearings. For example, if more than one defendant raises an affirmative defense that the Trustee believes fails as a matter of law, the Trustee can file a motion seeking to establish procedures for filing an omnibus motion for summary adjudication or summary judgment in a single case (whether a lead adversary or the main bankruptcy case).

///

///

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF ENTRY OF PROCEDURES ORDER** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 10, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **ATTORNEYS FOR PLAINTIFF: Aaron E. De Leest** adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **ATTORNEYS FOR PLAINTIFF: Chad V Haes** chaes@marshackhays.com, chaes@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com;alinares@ecf.courtdrive.com
- **ATTORNEYS FOR PLAINTIFF: D Edward Hays** ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **PLAINTIFF: Richard A Marshack (TR)** pkraus@marshackhays.com, ecf.alert+Marshack@titlexi.com
- **U.S. TRUSTEE: United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 10, 2025 | Chanel Mendoza | /s/ Chanel Mendoza |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.